# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHARON REED, individually and as Administrator of the Estate of Rickey "Rico" Reed, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>TIPTON COUNTY, TENNESSEE, SHANNON BEASLEY, ZACHARY WALLACE, EDWIN MOLDER, JOSHUA LEWIS, CHRISTOPHER BAYLOUS, CHARLES JACQUES, DAKOTA WILKERSON, D.J. (last name unknown), MICHAEL ALLEN, TRAVIS MINTON, JAVIER RODRIGUEZ, BEN ROBERSON, WILL HOLDER, JOHN WEATHERLY, and BRADLEY WILLIAMS, in their official and individual capacities,<br><br>    Defendants. | No. 2:25-cv-02851-SHL-tmp |

## ORDER GRANTING IN PART PLAINTIFF'S
## MOTION TO EXTEND TIME TO SERVE SUMMONSES

Before the Court is Plaintiff Sharon Reed's Motion to Extend Time to Serve Summonses, filed December 8, 2025. (ECF No. 6.) After filing her complaint on September 5 (id. at PageID 27), she had ninety days in which to serve Defendants under Federal Rule of Civil Procedure 4(m). Thus, service was due by December 4, which has passed.

Reed states that she has been communicating with the plaintiff in a companion case "concerning consolidation and the proper parties" to serve. (Id.) The two plaintiffs have since agreed to consolidate their cases, and now Reed asserts that she needs "at least thirty days but up to sixty days, to effectuate service on the named Defendants." (Id.) She requests a new deadline

of February 6, 2026. (Id.) She contends that she makes this request "in good faith," "not for the purpose of undue delay," and without causing prejudice to any party. (Id.)

A court can only extend a deadline or modify a scheduling order for "good cause." Fed. R. Civ. P. 6(b)(1), 16(b)(4). Good cause is shown by a party's diligence in attempting to meet the deadlines, lack of prejudice to the nonmoving party, and consideration of the length or number of extensions requested. Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002). Because Reed seeks an extension to a deadline set by rule after that deadline has passed, she also has the burden of demonstrating excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B); Hartford Accident & Indem. Co. v. Greater Lakes Ambulatory Surgical Ctr. LLC, No. 18-CV-13579, 2022 WL 1690159, at *1 (E.D. Mich. May 26, 2022) (citing Century Indem. Co. v. Begley Co., 323 F.R.D. 237, 240–42 (E.D. Ky. 2018) (noting that courts in the Sixth Circuit can apply both Rules 6 and 16 to requests for changes to a scheduling order deadline when considering motions after the deadline has passed)).

The excusable neglect standard is "strict, and can be met only in extraordinary cases." Bluff City Partners, LLC v. 22 N. Third, LLC, No. 19-cv-02137, 2020 WL 13111166, at *2 (W.D. Tenn. July 2, 2020) (quoting Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005)). Courts weigh five factors regarding excusable neglect: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late filing party acted in good faith." Id. (citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)).

Here, Reed asserts that good cause exists for extending the deadline for service because she spent time discussing the possibility of consolidation with the plaintiff in the companion

case. However, it is unclear why the potential for consolidation prevented service, and Reed does not address whether her neglect in meeting the December 4 deadline was excusable.

Although Reed was not diligent in notifying the Court about her consolidation efforts before the December 4 deadline, and although a sixty-day extension would be excessive, her tardiness is unlikely to prejudice defendants.

As for the excusable neglect factors, (1) defendants are unlikely to be prejudiced because they have not yet been served, (2) Reed's four-day delay in seeking the extension has not greatly affected the judicial proceeding, and (3) her reason for delay is appropriate because consolidating the two cases aids in judicial efficiency. On the other hand, (4) the delay appears to have been fully in Reed's control, and yet she does not explain why ninety days were insufficient to effect service. Indeed, the possibility for consolidation should have been apparent from the time of filing, given that the companion case, labeled No. 2:25-cv-02850, was filed immediately before this case, No. 2:25-cv-02851. Reed has had all the time since that filing to discuss her plans for consolidation. However, (5) there is no indication of bad faith on Reed's part.

Reluctantly, the Court **GRANTS IN PART** the Motion. A sixty-day extension would be excessive, but a thirty-day extension is granted. Thus, Reed must serve the defendants by January 7, 2026. No further extensions in this case will be granted.

**IT IS SO ORDERED,** this 9th day of December, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE