IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHARON REED, individually and as Administrator of the Estate of Rickey "Rico" Reed, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>TIPTON COUNTY, TENNESSEE, SHANNON BEASLEY, ZACHARY WALLACE, EDWIN MOLDER, JOSHUA LEWIS, CHRISTOPHER BAYLOUS, CHARLES JACQUES, DAKOTA WILKERSON, D.J. (last name unknown), MICHAEL ALLEN, TRAVIS MINTON, JAVIER RODRIGUEZ, BEN ROBERSON, WILL HOLDER, JOHN WEATHERLY, and BRADLEY WILLIAMS, in their official and individual capacities,<br><br>        Defendants. | No. 2:25-cv-02851-SHL-tmp |

**ORDER DEFERRING RULING ON PLAINTIFF'S MOTION TO CONSOLIDATE COMPANION ACTIONS AND LIFTING STAY ON PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Before the Court is the Joint Motion to Consolidate Companion Actions and to Stay Response Deadline to Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 42(a) and 6(b), filed February 11, 2026, by Plaintiff Sharon Reed and joined by companion Plaintiff Cashish Simmons. (ECF No. 20.) The Court granted the motion as to the Motion to Stay, but held off ruling on the Motion to Consolidate until after Defendants had had the opportunity to respond. (ECF No. 21.) Defendants responded in opposition on February 16. (ECF No. 22.) This Order addresses the status of the Motion to Consolidate.

Reed is the mother of the late Rickey "Rico" Reed and the administratrix of his Estate. (ECF No. 20 at PageID 83.) Simmons is his natural daughter and sole heir. (Id.) Reed and Simmons seek to consolidate their wrongful death cases because they "arise from the same operative facts, the legal claims and defenses substantially overlap, discovery will be duplicative absent consolidation, and parallel proceedings risk inconsistent determinations on threshold issues, including standing and proper party status." (ECF No. 20 at PageID 85 (citation modified).)

But Defendants argue that the Court cannot consolidate these cases under Federal Rule of Civil Procedure 42(a) because "the Court must have separate jurisdictional bases for each case." (ECF No. 22 at PageID 94 (quoting Williams v. Shamburger, No. 22-CV-202, 2022 WL 3718484, at *1 (E.D. Tenn. Aug. 29, 2022)).) And, in their Motion to Dismiss, Defendants argue that only Simmons, not Reed, has standing to bring a wrongful death claim because only Simmons is an heir to the Estate. (ECF No. 16-1 at PageID 71.) Defendants assert that, under Tennessee law, "a beneficiary's right to sue is superior to that of a personal representative bringing the suit on their behalf." (Id. (citing Merrell v. City of Harriman, No. 21-CV-338, 2023 WL 4756939 (E.D. Tenn. July 25, 2023), aff'd sub nom. Merrell v. Roane Cnty. Gov't, No. 23-5780, 2024 WL 1917316 (6th Cir. May 1, 2024)).) Because Reed lacks standing, according to Defendants, her case should not be consolidated with the companion case, but should rather be dismissed altogether. (ECF No. 22 at PageID 95.)

For the reasons stated below, the Court **DEFERS RULING ON** the Motion to Consolidate and **LIFTS** the pause on Reed's deadline to respond to the Motion to Dismiss.

## ANALYSIS

A court may consolidate cases "[i]f [the] actions before the court involve a common

question of law or fact." Fed. R. Civ. P. 42(a).  "[T]he decision to consolidate, 'rests in the sound discretion of the district court.'" Wade v. Foremost Ins. Co. Grand Rapids, No. 18-CV-2120, 2019 WL 13153217, at *4 (W.D. Tenn. Sep. 3, 2019).  Yet, "consolidated cases remain separate actions." GMAC Mortg., LLC v. McKeever, 651 F. App'x 332, 339 (6th Cir. 2016) (citation omitted).  Although "consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Lewis v. ACB Bus. Servs., 135 F.3d 389, 412 (6th Cir. 1998) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933)).

Here, the same issue underlies both the Motion to Consolidate and the Motion to Dismiss—whether Reed has standing, and the Court has jurisdiction.  Reed must be heard on that issue before it can be resolved, and before the Court can rule on the Motion to Consolidate.  The next steps will become clear after the pause on her deadline to respond to the Motion to Dismiss is lifted.  If Reed cannot prove that she has standing, the Court will lack jurisdiction and her claim will be dismissed.  In that case, consolidation of the cases will prove futile.  If she can prove standing, however, then the Motion to Dismiss, premised on that one issue, will be denied, and the Court will take up the Motion to Consolidate.

Therefore, so that the Motion to Dismiss may be fully briefed, the Court removes the pause on the deadline for Reed's response.  (See ECF No. 21.)  If necessary, after ruling on the Motion to Dismiss, the Court will address the Motion to Consolidate.  Reed will have two weeks from the date of this Order to respond to the Motion to Dismiss.

## **CONCLUSION**

For the reasons stated above, the Court **DEFERS RULING ON** the Motion to Consolidate and **LIFTS** the pause on Reed's deadline. She must respond to the Motion to Dismiss by **March 11, 2026**.

**IT IS SO ORDERED,** this 25th day of February, 2026.

                                       s/ Sheryl H. Lipman
                                       SHERYL H. LIPMAN
                                       CHIEF UNITED STATES DISTRICT JUDGE

Case 2:25-cv-02851-SHL-tmp   Document 23   Filed 02/25/26   Page 4 of 4   PageID 100