**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| SHARON REED, individually and as Administrator of the Estate of Rickey "Rico" Reed, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> TIPTON COUNTY, TENNESSEE, SHANNON BEASLEY, ZACHARY WALLACE, EDWIN MOLDER, JOSHUA LEWIS, CHRISTOPHER BAYLOUS, CHARLES JACQUES, DAKOTA WILKERSON, D.J. (last name unknown), MICHAEL ALLEN, TRAVIS MINTON, JAVIER RODRIGUEZ, BEN ROBERSON, WILL HOLDER, JOHN WEATHERLY, and BRADLEY WILLIAMS, in their official and individual capacities, <br><br> Defendants. | No. 2:25-cv-02851-SHL-tmp |

**ORDER DENYING MOTION TO CONSOLIDATE COMPANION ACTIONS
AND GRANTING MOTION TO DISMISS**

This case arises from the September 6, 2024 shooting death of Ricky "Rico" Reed ("Decedent") by Tipton County Sheriff's Office Defendants. (ECF No. 1 at PageID 8.) Plaintiff Sharon Reed is the mother and administratrix of Decedent's Estate. (Id. at PageID 4.) On the same day she filed this civil-rights wrongful-death action, another plaintiff, Cashish Simmons, filed a companion case, No. 2:25-cv-02850-SHL-atc, as Decedent's only daughter and his sole heir. (ECF No. 23 at PageID 98.)

Two motions before the Court arise out of the interplay between the two cases. First, Defendants filed their Motion to Dismiss on January 7, 2026. (ECF No. 16.) Defendants argue that Reed lacks standing to bring a wrongful death action because only Simmons has standing as

the sole heir to the Estate.  (ECF No. 16-1 at PageID 71 (citing Merrell v. City of Harriman, No. 21-CV-338, 2023 WL 4756939, at *4 (E.D. Tenn. July 25, 2023)).)  Reed requested a stay in her deadline to respond to the motion (ECF No. 20), which was granted (ECF No. 21), and then lifted (ECF No. 23).  She responded to the Motion to Dismiss on March 11, arguing that any defect in her standing can be cured by consolidating her case with Simmons'.  (ECF No. 24 at PageID 107–09.)  She contends that "Tennessee law favors adjudication of wrongful-death claims on the merits rather than dismissal for technical pleading defects."  (Id. at PageID 108.)  Simmons appeared in this case (ECF No. 19), filing her own response agreeing that consolidation is appropriate (ECF No. 25 at PageID 118).  In doing so, however, Simmons did not state that she waives her own right to bring a wrongful death claim.  Defendants replied on March 17.  (ECF No. 26.)

Second, Reed filed her Joint Motion to Consolidate Companion Actions on February 11. (ECF No. 20.)  She seeks to consolidate the two cases under Rule 42(a).  (Id. at PageID 84–86.) Defendants responded on February 16, arguing that consolidation would not cure Reed's lack of standing because, even if consolidated, the two cases would remain separate actions, requiring separate jurisdictional bases.  (ECF No. 22 at PageID 94–95.)

For the reasons stated below, Reed's Motion to Consolidate Companion Actions is **DENIED** and Defendants' Motion to Dismiss is **GRANTED**.

### **APPLICABLE LAW**

For a court to adjudicate a claim, it must have subject-matter jurisdiction.  Mitchell v. BMI Fed. Credit Union, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).  One justiciability doctrine that goes to a court's subject-matter jurisdiction is standing.  Peoples Rts. Org. v. City of Columbus, 152 F.3d 522, 527 (6th

Cir. 1998).  A defendant can challenge standing through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  Lyshe v. Levy, 854 F.3d 855, 857 (6th Cir. 2017).  To survive such a motion to dismiss, a plaintiff must prove that they have standing by pleading "the elements of standing with specificity."  Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc., 875 F. Supp. 2d 791, 796 (W.D. Tenn. 2012) (citing Coal Operators & Assocs., Inc. v. Babbitt, 291 F.3d 912, 916 (6th Cir. 2002))).  District courts in Tennessee look "to § 20-5-106 to determine whether certain individuals have standing to sue for violation of the decedent's civil rights."  Epperson v. City of Humboldt, 140 F. Supp. 3d 676, 682 (W.D. Tenn. 2015).

Tennessee Code Annotated § 20-5-106 establishes the order of priority for beneficiaries in a wrongful death suit.  See Tenn. Code Ann. § 20-5-106(a).  The priority of a parent or an administrator is inferior to that of a decedent's child.  Id.  "An inferior beneficiary may not sue until the person with the prior and superior right waives her right of action."  Merrell v. City of Harriman, No. 21-CV-338, 2023 WL 4756939, at *3 (E.D. Tenn. July 25, 2023) (citation modified).  "Under Tennessee law, there can be only one cause of action for an individual's wrongful death."  Martin v. Corr. Corp. of Am., 231 F.R.D. 532, 537 (W.D. Tenn. 2005) (citing Jamison v. Memphis Transit Mgmt. Co., 381 F.2d 670, 673 (6th Cir. 1967)).

As for consolidation, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ."  Fed. R. Civ. P. 42(a)(2).  "Cases consolidated under Rule 42(a), however, retain their separate identity."  Lewis v. ACB Bus. Servs., 135 F.3d 389, 412 (6th Cir. 1998) (citation modified).  Consolidation "does not merge the suits into a single cause, or change the rights of the parties . . . ."  Id. (citation omitted).  When a court lacks subject-matter jurisdiction over a case, it cannot consolidate it with another case

3

under Rule 42(a).  Williams v. Shamburger, No. 22-CV-202, 2022 WL 3718484, at *2 (E.D. Tenn. Aug. 29, 2022) (citation omitted).

### ANALYSIS

Reed argues that she has standing because (1) she has suffered an injury-in-fact in the death of her son, (2) the injury was caused by Defendants, and (3) her injury is redressable by a favorable decision of this Court.  (ECF No. 24 at PageID 104 (citing Lujan, 504 U.S. at 560).)  She also contends that Tennessee's wrongful death statute, Tenn. Code Ann. § 20-5-106, does not require dismissal because Tennessee courts favor procedural mechanisms, such as consolidation, to preserve the cause of action.  (Id. at PageID 105.)  Finally, she asserts that consolidation with Simmons' companion case will solve any jurisdictional defect, citing Sipes v. Madison County, No. 12-1130, 2014 WL 2035685 (W.D. Tenn. May 16, 2014).  (ECF No. 24 at PageID 108–09.)

In Sipes, the mother and administratrix of a decedent's estate sought to bring a wrongful death action, even though the decedent had an infant son.  2014 WL 2035685, at *3.  As the decedent's "next of kin," the child had priority over his grandmother.  Id.  Nevertheless, the court gave the decedent's mother thirty days to "obtain consent from the child's parent or guardian" for the mother to represent the child in the suit.  Id. at *6.  Ultimately, the mother failed to obtain consent before the deadline, and her case was dismissed for lack of standing.  Sipes, 2015 WL 237217, at *1 (W.D. Tenn. Jan. 16, 2015).

Unlike the minor child in Sipes, Simmons is an adult who does not need a personal representative to bring a suit on her behalf.  In fact, she has initiated her own suit.  The unusual circumstances of allowing the mother the opportunity to get consent, present in Sipes, are inapplicable here.  Reed lacks standing as long as Simmons maintains her own right to sue.  See

Merrell, 2023 WL 4756939, at *3.  It is true, as Reed points out, that courts prefer to adjudicate wrongful death actions on the merits, "rather than being dismissed for technical noncompliance." Sipes, 2014 WL 2035685, at *5.  Standing, however, is not a technicality of pleading, but rather a jurisdictional requirement.

Because Simmons, as the heir of the Estate, has not waived her right to sue, Reed lacks standing to do so under Tennessee Code Annotated § 20-5-106(a).  Because the Court lacks jurisdiction over her case based on Reed's lack of standing, it cannot consolidate her case with Simmons' matter but must dismiss it.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Joint Motion to Consolidate Companion Actions and **GRANTS** the Motion to Dismiss.  Accordingly, Reed's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 24th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

5